Michael R. Marrinan (SBN 90484)
Attorney at Law
LAW OFFICES OF MICHAEL R. MARRINAN
614 Fifth Avenue, Suite D
San Diego, CA 92101
Telephone: (619) 238-6900
Facsimile: (6190 515-0505

Attorney for Plaintiffs

FILED
2008 JUN 17 AM 10: 54
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SKARVADA and TYLER SKARVADA, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, ISRAEL HARRIS and DOES 1-20, inclusive, <br><br> Defendants. | Case No. '08 CV 1064 JLS WMc <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1. 42 U.S.C. § 1983--Civil Rights Violations <br> 2. 42 U.S.C. § 1983–Unlawful Policies, Customs or Habits <br> 3. Negligence <br> 4. Battery <br> 5. False Arrest <br> 6. Civil Code § 52.1 Civil Rights Violations |

Plaintiffs allege:

### JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the Fourth Amendment to the United States Constitution, for personal injuries and violation of constitutional rights by defendant County of San Diego and its sheriff's deputy, Israel Harris. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State law claims of negligence, battery, false arrest and Civil Code section 52.1 civil rights violations are alleged as well. Plaintiffs invoke the Court's supplemental jurisdiction to consider these state law claims.

**ORIGINAL**

## GENERAL ALLEGATIONS

2. Plaintiffs are and were at all material times mentioned herein residents of the County of San Diego, State of California.

3. At all times mentioned herein defendants Harris and DOES 1 through 10 were employees of defendant County of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual defendant named above and DOES 1 through 10 are sued individually and in their capacities as employees of the County of San Diego.

4. Defendant County of San Diego is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiffs, who therefore sue said defendants by said fictitious names. Plaintiffs will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6. Plaintiffs are informed and believe and therefore allege that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

7. On or about October 19, 2007, Plaintiffs filed claims with the County of San Diego for the injuries alleged herein. On or about April 18, 2008, the claims were denied.

2

## FACTUAL ALLEGATIONS

8. On May 4, 2007 at approximately 8:20 a.m., Plaintiff Thomas Skarvada was a passenger in a car driven by his son, Plaintiff Tyler Skarvada. Plaintiffs were on their way to work at a business owned by Thomas Skarvada in Vista, California.

9. Plaintiffs had just entered the city of Vista and were in the left lane on South Melrose Drive just north of Palomar Airport Road, going about 40 or 45 mph. Suddenly, a motorcycle cut across all three lanes right in front of Plaintiffs' car and stopped at a break in the center divider. Tyler slammed on the brakes to avoid a collision and honked his horn to alert the motorcycle driver.

10. As they passed the motorcycle, Plaintiffs noted that it was a sheriff's deputy (later learned to be defendant Deputy Harris). Tyler continued traveling at about 35 mph, still recovering from this close call, when the deputy got behind him and pulled him over.

11. When the deputy contacted Plaintiffs there was a short dialog during which the deputy asked why Tyler honked the horn. Tyler explained that the deputy had cut across three lanes in front of him requiring Tyler to slam on his brakes to avoid hitting the deputy. Moments later Deputy Harris changed the conversation and accused Tyler of speeding. Tyler had not been speeding, which was obvious to Plaintiffs and the deputy.

12. After this false allegation, Tyler told the deputy that he had not been speeding and his false allegation was improper. The deputy screamed at Tyler to get out of the car, which he did. Then they both walked back, behind Tyler's car, to the deputy's motorcycle.

13. After observing the deputy's irrational driving, hearing his lies about speeding and now watching him screaming at Tyler, Plaintiff Thomas Skarvada became very concerned for his son's safety. Realizing his very limited options, Thomas Skarvada got out of the car and stood there with his camera, prepared to document what looked like imminent violence by an out-of-control deputy. The deputy yelled at Thomas Skarvada to get back inside the car, which would prevent him from taking any pictures. Mr. Skarvada responded that he had not done anything wrong and was a free citizen in a free country.

Deputy Harris yelled again and Mr. Skarvada asked him why he was ordering him around. Deputy Harris came toward Thomas Skarvada, leaving Tyler Skarvada standing by the deputy's motorcycle. Deputy Harris accused Thomas Skarvada of drinking, stating "I smell alcohol on you too". Mr. Skarvada had ingested no alcohol.

14. Deputy Harris then handcuffed Mr. Skarvada's right hand. He would not allow Mr. Skarvada to put the camera back in the car, so Mr. Skarvada held it out of the deputy's reach as the deputy was punching Mr. Skarvada in the arm. While Deputy Harris was reaching for some weapon on his belt, Mr. Skarvada managed to put the camera in the car. Thomas Skarvada was then handcuffed by his left hand as well, without justification, as Mr. Skarvada had committed no crime.

15. Deputy Harris over-tightened the handcuffs such that both of Mr. Skarvada's wrists were bleeding. This caused significant pain and injury. Deputy Harris then called for an ambulance due to the bloody wrists he caused Mr. Skarvada to sustain. He also called for another deputy to come to the scene.

16. The ambulance took Thomas Skarvada to a hospital and another deputy took Tyler Skarvada to the sheriff's station in Vista. After being treated at the hospital, Deputy Harris brought Thomas Skarvada to the Vista station as well. Eventually Thomas Skarvada learned he was being arrested for a felony charge (PC § 69), despite the fact that he had committed no crime of any kind.

17. After Deputy Harris arrested Thomas Skarvada he returned to Tyler Skarvada and placed him under arrest, for reasons unknown at the time. Eventually Tyler learned he was being arrested for a felony charge (PC § 69), despite the fact that he had committed no crime of any kind.

18. Plaintiffs were eventually taken from the Vista sheriff's station to the Vista jail where they were both booked on false felony charges (PC § 69). Plaintiffs had to post bail, hire criminal attorneys and defend false criminal cases for several months. Tyler Skarvada's car was impounded and he had to pay a substantial fee to have his car released. Without any justification and with malicious intent, defendant Harris made a

false referral of Tyler Skarvada to the DMV, falsely alleging (under penalty of perjury) that he was a dangerous driver.

19. Plaintiffs went to trial in their subsequent criminal trial. All charges were dismissed immediately after Deputy Harris' testimony, before the defense could call its first witness. Many weeks later the Court granted Plaintiffs' motions for findings of factual innocence.

### FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Violations – Unlawful Seizure/Excessive Force]

20. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 19 above as though fully set forth herein.

21. As a result of the acts alleged above, particularly the unlawful detention of Plaintiffs when they were pulled over without reasonable suspicion, the unlawful detention of plaintiff Thomas Skarvada after the car was pulled over, and the false arrests of both Plaintiffs as described above (i.e., arrests without probable cause), Plaintiffs were unlawfully detained and unlawfully arrested and thus unlawfully seized by Defendant Harris. These unlawful seizures violated Plaintiffs' constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

22. As a further result of the acts alleged above, particularly the unjustified and unnecessary use of force on Plaintiff Thomas Skarvada, Defendant Harris used unreasonable, unjustified and excessive force upon Thomas Skarvada. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff Thomas Skarvada is entitled to damages pursuant to Title 42 U.S.C. § 1983 in an amount to be proven at trial.

23. As a proximate result of the acts alleged above, Plaintiffs were injured in mind and body. Plaintiff Thomas Skarvada sustained physical pain and injury, including

5

cuts and injuries to both wrists and bruises to his left arm. Both Plaintiffs suffered severe emotional distress as a result of the incident itself, including their unlawful detentions. They also suffered severe emotional distress as a result of their wrongful arrest and incarceration for false felony charges and having to defend false criminal charges. Plaintiffs also suffered emotional distress as a result of witnessing the false arrest, false imprisonment and/or excessive force against their father and son, respectively. Plaintiff Thomas Skarvada incurred medical bills. Both Plaintiffs incurred bail fees and attorneys fees for the false criminal case, as well as the loss of several days from work.

24. Plaintiff Tyler Skarvada also incurred fees to obtain his wrongfully seized car and fees and emotional distress as a result of a false referral of him to DMV as a dangerous driver.

25. In committing the acts alleged above, Defendant Harris acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations via

Unlawful Policies, Customs or Habits]

26. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 25 above as though fully set forth herein.

27. On information and belief Plaintiffs allege that defendant COUNTY OF SAN DIEGO, through its sheriff's department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies, including Deputy Harris, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

28. Further, on information and belief Plaintiffs allege that defendant County of San Diego, through its sheriff's department, has an unlawful policy, custom or habit of permitting or condoning the unnecessary and unjustified use of force by police officers, including the individual defendant herein, and of permitting or condoning acts of unlawful detention, false arrest and unlawful search and seizure by its sheriff's deputies, including the individual defendant named herein. Defendant County has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers, including Deputy Harris, and a policy, custom and habit of discouraging citizen complaints against errant deputies and failing to investigate citizen complaints against sheriff's deputies.

29. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations, injuries and damages alleged in the First Cause of Action and thus are entitled to general and compensatory damages against defendant County of San Diego in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
#### [Negligence]

30. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 29 above as though fully set forth herein.

31. By the acts alleged above, Defendant Harris was negligent and breached his duty of due care owed to Plaintiffs, thereby causing the injuries and severe emotional distress as described Factual Allegations and paragraphs 23 and 24 above. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial. Plaintiffs are also entitled to recover for the emotional distress suffered as a result of witnessing the wrongful acts committed against their father and son, respectively.

## FOURTH CAUSE OF ACTION

### [Battery]

32. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. By the acts alleged herein, particularly the acts of excessive force and violence committed against Plaintiff Thomas Skarvada as described in the Factual Allegations and the First Cause of Action, defendant Harris committed a battery upon Thomas Skarvada, entitling him to damages pursuant to California law.

34. As a result of these acts, Plaintiff Thomas Skarvada suffered the injuries and damages described in the Factual Allegations and paragraphs 23 and 24 above and severe pain, suffering and emotional distress, entitling him to damages in an amount to be proven at trial.

35. In committing the acts alleged above, defendant Harris acted maliciously and/or oppressively and was guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff Thomas Skarvada and by reason thereof Plaintiff Thomas Skarvada is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### [False Arrest]

36. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 35 above as though fully set forth herein.

37. By the acts alleged herein, particularly the act of arresting Plaintiffs without a warrant or probable cause, Plaintiffs were falsely arrested, entitling them to damages pursuant to California law.

38. As a result of these acts, Plaintiffs suffered the injuries and damages described in the Factual Allegations and paragraphs 23 and 24 above and severe pain, suffering and emotional distress, entitling them to damages in an amount to be proven at trial.

39. In committing the acts alleged above, defendant Harris acted maliciously and/or oppressively and was guilty of a wanton and reckless disregard for the rights,

feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

[Civil Code § 52.1 Civil Rights Violations]

40. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. The acts alleged above, particularly the acts of unjustified physical violence, unlawful detention and false arrest, constituted unlawful seizures, in violation of Plaintiffs' rights guaranteed by the California Constitution (Article I, Section 13) and the United States Constitution, particularly the Fourth Amendment thereto. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to California Civil Code section 52.1(b).

42. As a result of these acts, Plaintiffs suffered the injuries and damages described in the Factual Allegations and paragraphs 23 and 24 above and severe pain, suffering and emotional distress, entitling them to damages in an amount to be proven at trial.

43. In committing the acts alleged above, defendant Harris acted maliciously and/or oppressively and was guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendant Harris only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

///

4. For such other relief as the Court deems proper.

Dated: 6/16/08

*Michael R. Marrinan*
MICHAEL R. MARRINAN
Attorney for Plaintiffs

Plaintiffs hereby demand a jury trial in this action.

Dated: 6/16/08

*Michael R. Marrinan*
MICHAEL R. MARRINAN
Attorney for Plaintiffs

10

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THOMAS SKARVADA and TYLER SKARVADA

## DEFENDANTS
COUNTY OF SAN DIEGO, ISREAL HARRIS and DOES 1-20

**(b)** County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED 2008 JUN 17 AM 10:53

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Marrinan, Esq.
614 Fifth Ave., Ste. D
San Diego, CA 92101  619-238-6900

Attorneys (If Known) **08 CV 1064 JLS WMC**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. Section 1983**
Brief description of cause: **False Arrest and Excessive Force**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Damages according to proof
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/17/08
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael M_____

**FOR OFFICE USE ONLY**

RECEIPT # 151990  AMOUNT $350.  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JAC 6/17/08

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 151990      - TC
        * * C O P Y * *
          June 17, 2008
            10:55:28

         Civ Fil Non-Pris
    USAO #.: 08CV1064
    Judge..: JANIS L. SAMMARTINO
    Amount.:                  $350.00 CK
    Check#.: BC2385


         Total-> $350.00


    FROM: THOMAS & TYLER SKARVADA
          VS.
          COUNTY OF SAN DIEGO
```