JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By STEPHANIE E. KISH, Senior Deputy (State Bar No. 185776)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-6230;  Fax: (619) 531-6005
E-mail: stephanie.kish@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and Israel Harris

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS SKARVADA and TYLER SKARVADA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, ISRAEL HARRIS and DOES 1 - 20, inclusive,<br><br>Defendants. | No. 08-cv-1064-JLS(WMc)<br><br>ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |

Defendants County of San Diego and Israel Harris answer the complaint filed herein by admitting, denying and alleging as follows:

1. In response to paragraphs 2, 5 and 6 of the complaint, Defendants lack sufficient information and belief to admit or deny the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

2. The allegations in paragraphs 1, 20, 26, 30, 32, 36 and 40 are merely descriptions of the lawsuit or merely incorporate prior allegations, and thus require no response from Defendants.

///
///
///

3. With respect to Deputy Harris, Defendants admit the allegations in paragraph 3 of the complaint. With respect to all other parties, Defendants deny each and every other allegation contained in paragraph 3 of the complaint based on lack of information and belief.

4. Defendants admit the allegations in paragraphs 4 and 7 of the complaint.

5. In response to paragraph 8 of the complaint, Defendants admit that on May 4, 2007 at approximately 8:20 a.m., Thomas Skarvada was a passenger in a car driven by his son, Tyler Skarvada. Defendants deny each and every other allegation contained in paragraph 8 of the complaint based on lack of information and belief.

6. In response to paragraph 9 of the complaint, Defendants admit that plaintiffs were in the city of Vista and were in the left lane on South Melrose Drive, north of Palomar Airport Road. Defendants deny each and every other allegation contained in paragraph 9 of the complaint based on lack of information and belief.

7. In response to paragraph 10 of the complaint, Defendants admit that Deputy Harris pulled over Tyler Skarvada. Defendants deny each and every other allegation contained in paragraph 10 of the complaint based on lack of information and belief.

8. In response to paragraph 11 of the complaint, Defendants admit that Deputy Harris charged Tyler Skarvada with violating section 22350 of the California Vehicle Code. Defendants deny each and every other allegation contained in paragraph 11 of the complaint based on lack of information and belief.

9. In response to paragraph 12 of the complaint, Defendants admit that Deputy Harris ordered Tyler Skarvada to step out of his vehicle, Tyler Skarvada did so and then walked with Deputy Harris to his motorcycle. Defendants deny each and every other allegation contained in paragraph 12 of the complaint based on lack of information and belief.

///
///
///

10. In response to paragraph 13 of the complaint, Defendants admit that Thomas Skarvada got out of the car, that Deputy Harris ordered Thomas Skarvada to get back inside the car, that Thomas Skarvada verbally indicated his refusal to follow Deputy Harris' orders, and that Deputy Harris then approached Thomas Skarvada while Tyler Skarvada remained near the deputy's motorcycle. Defendants deny each and every other allegation contained in paragraph 13 of the complaint based on lack of information and belief.

11. In response to paragraph 14 of the complaint, Defendants admit that Deputy Harris handcuffed Thomas Skarvada after a brief struggle. Defendants deny each and every other allegation contained in paragraph 14 of the complaint based on lack of information and belief.

12. In response to paragraph 15 of the complaint, Defendants admit that the handcuffs caused Thomas Skarvada's wrists to bleed, and that Deputy Harris then called for paramedics to treat Thomas Skarvada as well as for back up. Defendants deny each and every other allegation contained in paragraph 15 of the complaint based on lack of information and belief.

13. In response to paragraph 16 of the complaint, Defendants admit that an ambulance transported Thomas Skarvada to a hospital while another deputy transported Tyler Skarvada to the Vista Sheriff's Station, that Deputy Harris took Thomas Skarvada to the Vista Sheriff's Station following his release from the hospital, and that Thomas Skarvada was arrested for violating Penal Code section 69. Defendants deny each and every other allegation contained in paragraph 16 of the complaint.

14. In response to paragraph 17 of the complaint, Defendants admit that, following his arrest of Thomas Skarvada, Deputy Harris arrested Tyler Skarvada for violating Penal Code section 69 as well as Vehicle Code sections 22350 and 21806(a). Defendants deny each and every other allegation contained in paragraph 17 of the complaint.

///

15. In response to paragraph 18 of the complaint, Defendants admit that Thomas and Tyler Skarvada were eventually taken to the Vista Detention Facility for booking, that Tyler Skarvada's car was towed pursuant to Vehicle Code section 22651(h)(1) and that a referral was made to the DMV. Defendants deny each and every other allegation contained in paragraph 18 of the complaint based on lack of information and belief.

16. In response to paragraph 19 of the complaint, Defendants admit that at the subsequent criminal trial the charges against Thomas and Tyler Skarvada were dismissed. Defendants deny each and every other allegation contained in paragraph 19 of the complaint based on lack of information and belief.

17. Defendants deny each and every allegation contained in paragraphs 21, 22, 23, 24, 25, 27, 28, 29, 31, 33, 34, 35, 37, 38, 39, 41, 42 and 43 of the complaint.

## AFFIRMATIVE DEFENSES

In addition, Defendants allege and assert the following affirmative defenses; however, Defendants do not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to the plaintiffs. Moreover, nothing stated in these affirmative defenses is intended or shall be construed as an admission that any particular issue or subject matter is relevant to plaintiffs' allegations.

### I
### (Failure to State a Cause of Action)

As a first, separate and distinct affirmative defense, Defendants allege that the complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### II
### (Probable Cause for Arrest)

As a second, separate and distinct affirmative defense, Defendants allege that they are not liable in that the arrest and/or imprisonment were supported by probable cause.

///
///

III

(Reasonable Force)

As a third, separate and distinct affirmative defense, Defendants allege that they are not liable in that the physical force and contact utilized was reasonable to effect a lawful arrest, to prevent escape or to overcome resistance.

IV

(Necessary Force to Defend)

As a fourth, separate and distinct affirmative defense, Defendants allege that they are not liable in that the physical force and contact utilized were reasonable for the lawful defense of the officer(s) and/or others.

V

(Qualified Immunity)

As a fifth, separate and distinct affirmative defense, Defendant Harris alleges that he is entitled to qualified immunity from liability under title 42, United States Code section 1983.

VI

(Privilege and Justification)

As a sixth, separate and distinct affirmative defense, Defendants allege that each and every claim for relief set forth in the complaint is barred because the conduct of Defendants at all relevant times was privileged and justified.

VII

(Plaintiffs' Unlawful Conduct)

As a seventh, separate and distinct affirmative defense, Defendants allege that plaintiffs' own conduct and activities, including plaintiffs' unlawful conduct, diminishes or extinguishes plaintiffs' right to claim the relief sought in the complaint.

///

///

////

## VIII
## (Estoppel)

As an eighth, separate and distinct affirmative defense, Defendants allege that plaintiffs are barred by the doctrine of waiver and are therefore estopped to maintain this action.

## IX
## (Policymakers)

As a ninth, separate and distinct affirmative defense, defendant County of San Diego alleges that it is not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County of San Diego.

## X
## (Contributory Negligence/Comparative Fault)

As a tenth, separate and distinct affirmative defense, answering defendants allege that plaintiffs themselves acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that plaintiffs did not exercise ordinary care, caution or prudence for their own safety and protection. Said acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if answering defendants are found legally responsible to plaintiffs, then said defendants provisionally allege that the acts or omissions of said defendants were not the sole and proximate cause of plaintiffs' injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons and entities who contributed to and/or caused said injuries and damages, according to proof presented at the time of trial.

///
///
///

## XI

### (Reservation of Additional Affirmative Defenses)

As an eleventh, separate and distinct affirmative defense, Defendants allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have available additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

WHEREFORE, Defendants pray as follows:

1. That the action be dismissed with prejudice;
2. That plaintiffs take nothing by their action;
3. That Defendants recover their costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems proper and just.

DATED: August 1, 2008         JOHN J. SANSONE, County Counsel

By: s/ STEPHANIE E. KISH, Senior Deputy
Attorneys for Defendants County of San Diego
and Israel Harris
E-mail: stephanie.kish@sdcounty.ca.gov

## DEMAND FOR JURY TRIAL

Defendants County of San Diego and Israel Harris hereby demand a trial by jury.

DATED: August 1, 2008         JOHN J. SANSONE, County Counsel

By: s/ STEPHANIE E. KISH, Senior Deputy
Attorneys for Defendants County of San Diego
and Israel Harris
E-mail: stephanie.kish@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On August 1, 2008, I served the following documents: **Answer To Complaint; Demand for Jury Trial** in the following manner:

☐  By personally delivering copies to the person served.

☐  By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒  By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Michael Marrinan, Esq.
614 Fifth Avenue, Suite D
San Diego, California 92101
(619) 238-6900
(619) 515-0505 (fax)
E-mail: mrmarrinan@aol.com
(Attorney for Plaintiffs)

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2008, at San Diego, California.

By: s/ STEPHANIE E. KISH
E-mail: stephanie.kish@sdcounty.ca.gov

(Thomas Skarvada, et al. v. County of San Diego, et al.; USDC No. 08-cv-1064-JLS(WMc))